# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

LATASHA BLACKWELL,              )
                               )
              Plaintiff,        )
                               )
       v.                       )        1:11CV328
                               )
CITY OF CONCORD,                )
                               )
              Defendant.        )

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on Plaintiff's Motion for Extension of the Discovery Period or Request for More Discovery (Docket Entry 33). (See Docket Entry dated Jan. 29, 2013.) For the reasons that follow, the Court will deny the instant Motion.

### BACKGROUND

Plaintiff instituted this action by filing a pro se Complaint (Docket Entry 2), along with an application to proceed as a pauper (Docket Entry 1). The Court granted Plaintiff's request for pauper status, directed her to complete a summons form, and caused the United States Marshals Service to make service of process. (Docket Entry 4; see also Docket Entry 8.) After Plaintiff filed an Amended Complaint (Docket Entry 5), a Motion to Dismiss was filed on the grounds that the City of Concord Parks and Recreation Department, the then-named Defendant, was not a proper party and that the process and service of process was insufficient (Docket Entry 11). Plaintiff responded in opposition and moved for leave

to amend. (Docket Entries 14, 15.) The Court then held a hearing, at which, without opposition, it authorized Plaintiff to file a Second Amended Complaint that named Defendant in place of the City of Concord Parks and Recreation Department and that made other specified changes. (See Docket Entry dated Sept. 22, 2011.) At that same hearing, the Court directed counsel for Defendant to file a Notice as to whether or not Defendant would accept service of the Second Amended Complaint and a Summons on its counsel via the Court's CM/ECF system. (See id.) Defendant complied with that directive by filing a Notice consenting to such service. (Docket Entry 18 at 1.) Plaintiff thereafter filed her Second Amended Complaint, which the Court served on Defendant's counsel via the CM/ECF system (along with a Summons). (Docket Entries 19, 20.)

The Court subsequently held an Initial Pretrial Conference (see Docket Entry dated Apr. 30, 2012), after which it adopted Defendant's Rule 26(f) Report (Docket Entry 31), with minor modifications (see Text Order dated Apr. 30, 2012), resulting in the establishment of January 31 and March 4, 2013, as the discovery and dispositive motions deadlines, respectively (see id. (adopting in relevant part Docket Entry 31 at 2, 3)). By Notice dated October 9, 2012, the Court set a trial date of July 1, 2013. (Docket Entry 32.) On January 15, 2013, Plaintiff filed the instant Motion. (Docket Entry 33.) Defendant has responded (Docket Entry 34) and Plaintiff has replied (Docket Entry 35).

DISCUSSION

With her instant Motion, "Plaintiff petition[s] the Court [to] extend the discovery period for an additional 30 days . . . [because she] incurred an unintentional filing error, in which, [sic] has placed [Defendant's] time to respond to Plaintiff's Interrogatories and Production of Documents 6 days passed the January 31, 2013 discovery deadline." (Docket Entry 33 at 1.) In this regard, Plaintiff states that she "submitted to the [C]ourt on November 2, 2012 copies of [her] request of Interrogatories and Production of Documents to Defendant . . . to be received by their [sic] attorney . . . through courts [sic] CM/ECF system." (Docket Entry 33 at 1; see also Docket Entry 35-2 at 5, 6 (first pages of Plaintiff's document requests and interrogatories with crossed-out stamp reflecting receipt by Court on November 2, 2012).)

According to Plaintiff, "[b]ecause [she] has been allowed by the courts to submit documents through the court CM/ECF system to the Defendant, due to [her] financial status 'In forma pauperis', [she] was unaware that Interrogatories and Production of Documents could not be sent via the Courts [sic] CM/ECF system." (Id.) Plaintiff, however, has cited no order by which this Court (or any other) permitted her to make electronic filings. (See id.)[1]

_____

[1] The Local Rules of this Court do permit a non-attorney to request permission to file documents via the CM/ECF system. See M.D.N.C. LR5.3(c)(2). However, the Docket for this case reflects no such request by Plaintiff, much less an order granting such
(continued...)

-3-

Moreover, in other filings in this case (made after Plaintiff received pauper status and Defendant accepted service of the Second Amended Complaint via the CM/ECF system, but before November 2, 2012), Plaintiff certified that she served Defendant with documents by sending them to defense counsel's mailing address (not that she relied on the Court to make service on Defendant via the CM/ECF system). (Docket Entry 26 at 12; Docket Entry 29 at 5.)

Nor did the pauper statute provide Plaintiff any reasonable basis to believe that the Court had to subsidize her conduct of this litigation by serving discovery for her. See James v. Scarborough, No. 1:10-2794-HMH-SVH, 2011 WL 5508821, at *1 (D.S.C. Nov. 10, 2011) (unpublished) ("Although Plaintiff has been granted in forma pauperis status, it is well-settled that a grant of such status does not mean that an in forma pauperis plaintiff's discovery or other court costs either are underwritten or are waived." (internal brackets and quotation marks omitted) (emphasis

---

[1](...continued)
permission. (See Docket Entries dated Apr. 28, 2011, to present.) Further, Plaintiff did not attempt to submit the discovery requests in question through the CM/ECF system herself (as she would have, if she indeed "ha[d] been allowed . . . to submit documents through the court CM/ECF system" (Docket Entry 33 at 1)), but rather Plaintiff apparently submitted hard-copies of the discovery requests to the Clerk's Office in the hopes that its personnel would file them in the CM/ECF system. Plaintiff's approach in this regard conflicts with the Federal Rules of Civil Procedure which expressly identifies "interrogatories [and] requests for production" as items "that must not be filed until they are used in the proceeding or the court orders filing[.]" Fed. R. Civ. P. 5(d)(1); accord M.D.N.C. LR26.1(b)(3).

-4-

added)); <u>Palencar v. Cobler Realty Advisors</u>, No. 3:09CV325, 2009 WL 3805882, at *2 (M.D. Pa. Nov. 10, 2009) (unpublished) ("Plaintiffs in federal court who are granted leave to proceed IFP . . . are entitled to use any of the discovery methods prescribed by the Federal Rules of Civil Procedure.  However, nothing in 28 U.S.C. § 1915 authorizes federal courts to finance or pay for a party's discovery expenses . . . ."). To the contrary, "§ 1915 provides coverage only for the costs of service of process, printing the appellate record, and preparing transcripts of proceedings (where required by the district court) – not routine discovery costs." <u>Faour Abdallah v. Cohen, Unit Manager</u>, No. 06CV1452JM(BLM), 2007 WL 3333117, at *3 (S.D. Cal. Nov. 6, 2007) (unpublished). Accordingly, under the pauper statute, the Court had an obligation to assist Plaintiff in carrying out service of process (i.e., service of her pleadings) and therefore (as documented in the Background section) solicited (and secured) from Defendant its consent to accept service of her Second Amended Complaint via the CM/ECF system; however, Plaintiff reasonably should have understood that the pauper statute imposed no obligation on the Court to assist her in serving discovery requests on Defendant.

Plaintiff nonetheless contends that she failed to realize that she should have served her discovery requests on Defendant (through its counsel by mail or other proper means) until she "contacted the . . . Clerk of Courts [sic] [on] January 3, 2013, to inquire about

-5-

the status of [her] Interrogatories and Production of Documents to be sent to [Defendant's counsel] . . . [and was] told by the Clerk of Courts [sic] that the [C]ourt does not send Interrogatories and Production of Documents filings through the Courts [sic] CM/ECF system and had [sic] to be sent through postal mail." (Docket Entry 33 at 2.)[2] Plaintiff, however, has not explained why she waited two months (i.e., from November 2, 2012, when she submitted her discovery requests to the Clerk's Office, to early January, 2013, when she contacted the Clerk's Office) to inquire about her discovery requests and/or why she followed-up with the Clerk's Office rather than with Defendant's counsel. (See Docket Entries 33, 35.) Nor does it appear that Plaintiff could offer any reasonable explanation for her foregoing actions.

For example, if Plaintiff feared that the Court may not have served her discovery requests on Defendant, she reasonably should

---

[2] Plaintiff has attached to her reply an e-mail she sent to Defendant's counsel on January 2, 2013, reflecting that Plaintiff's contact with the Clerk's Office about this matter occurred on that day, rather than on January 3, 2013. (See Docket Entry 35-2 at 1.) Regardless, Plaintiff's service of her discovery requests by e-mail and mail to Defendant's counsel on or after January 2, 2013, did not allow the requisite response time before the close of discovery on January 31, 2012. See Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A) (requiring response 30 days after service of interrogatories and document requests, respectively); see also Fed. R. Civ. P. 6(d) (allotting three additional days for responses when service occurs electronically or by mail); M.D.N.C. LR26.1(c) ("The requirement that discovery be completed within a specified time means that adequate provisions must be made for interrogatories . . . to be answered [and] for documents to be produced . . . within the discovery period.").

have inquired of Defendant's counsel or the Clerk's Office before two months had passed, particularly given the then-rapidly approaching discovery deadline of January 31, 2013. Conversely, if Plaintiff believed that, on or about November 2, 2012, the Court had placed her discovery requests into the CM/ECF system (and thereby served Defendant), Plaintiff reasonably should have contacted Defendant shortly after December 5, 2012, when Plaintiff did not receive any response despite the fact that Defendant's response time would have passed, see Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A) (requiring response 30 days after service of interrogatories and document requests, respectively); see also Fed. R. Civ. P. 6(d) (allotting three additional days for responses when service occurs electronically).

"A schedule may be modified only for good cause . . . ." Fed. R. Civ. P. 16(b)(4) (emphasis added).[3] "[T]he touchstone of 'good

---

[3] Prior to the 1983 amendment of Federal Rule of Civil Procedure 16 that mandated entry of scheduling orders, courts had experimented with them. See Fed. R. Civ. P. 16 advisory committee's note, 1983 Amend., Discussion, Subdiv. (b). In Barwick v. Celotex Corp., 736 F.2d 946 (4th Cir. 1984), the United States Court of Appeals for the Fourth Circuit confronted an appeal related to a scheduling order entered by a district court prior to the adoption of the 1983 Amendment. In affirming the district court's enforcement of the scheduling order in that case, the Fourth Circuit stated: "The requirements of the pretrial order are not set in stone, but may be relaxed for good cause, extraordinary circumstances, or in the interest of justice." Id. at 954 (emphasis added). The existing Federal Rule of Civil Procedure 16(b) permits modification of scheduling orders "only for good cause," Fed. R. Civ. P. 16(b)(4) (emphasis added), and thus does not authorize alteration of scheduling order deadlines based upon
(continued...)

-7-

cause' under [Federal] Rule [of Civil Procedure] 16(b) is diligence." Marcum v. Zimmer, 163 F.R.D. 250, 255 (S.D.W. Va. 1995) (emphasis added); see also Fed. R. Civ. P. 16 advisory committee's note, 1983 Amend., Discussion, Subdiv. (b) ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension." (emphasis added)); M.D.N.C. LR26.1(d) (providing that motions seeking to extend discovery period "must set forth good cause justifying the additional time and will be granted or approved only upon a showing that the parties have diligently pursued discovery" (emphasis added)). The circumstances outlined above do not support a finding that Plaintiff acted with the requisite diligence in serving discovery requests on Defendant.

---

[3](...continued)
a showing of "extraordinary circumstances" or "in the interest of justice," as Barwick did in connection with scheduling orders entered prior to the 1983 Amendment. It does not appear that the Fourth Circuit has repeated the relevant Barwick language in a published opinion construing a scheduling order adopted pursuant to the post-1983 Amendment version of Federal Rule of Civil Procedure 16. The Fourth Circuit, however, has quoted that excerpt from Barwick in a few unpublished decisions, including, most recently, Wall v. Fruehauf Trailer Servs., Inc., 123 F. App'x 572, 576 (4th Cir. 2005), but without addressing the intervening amendment of Federal Rule of Civil Procedure 16. Plaintiff has not relied on Barwick (or its unpublished Fourth Circuit progeny) (see Docket Entries 33, 35) and, if she had, the Court would hold that the Barwick standard did not survive the 1983 Amendment, see Halpern v. Wake Forest Univ. Health Scis., 268 F.R.D. 264, 273-74 (M.D.N.C. 2010) (quoting Nourisan Rug Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008), for proposition that, "after the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied"), aff'd, No. 1:09CV474 (M.D.N.C. Sept. 20, 2010) (Tilley, S.J.) (unpublished).

-8-

To the contrary, the record and relevant authority establishes that Plaintiff had no reasonable basis to believe she could properly serve discovery requests on Defendant by simply submitting such requests to the Court. Specifically, the discussion above shows that:

1) Plaintiff neither sought nor received permission to file documents via the Court's CM/ECF system;

2) the applicable rules made clear that Plaintiff should not tender discovery materials to the Court;

3) the pauper statute clearly did not entitle Plaintiff to assistance from the Court in serving discovery requests; and

4) in other documents filed after she received pauper status (and the assistance of the Court in serving her Second Amended Complaint), but before she submitted any discovery requests to the Court, Plaintiff certified that she served Defendant by sending such documents to its counsel's mailing address (not by submitting them to the Court for service via the CM/ECF system).

Further, Plaintiff failed to take reasonable steps when the response period passed without Defendant responding to the discovery requests Plaintiff unreasonably believed she had properly served. At best, the Court must conclude that Plaintiff acted carelessly and such conduct cannot support a finding of good cause for purposes of extending the discovery deadline set by the Scheduling Order. See Marcum, 163 F.R.D. at 254 ("'[C]arelessness

-9-

is not compatible with a finding of diligence and offers no reason for a grant of relief.'" (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (ellipses and emphasis omitted))); accord, e.g., 3 James Wm. Moore et al., Moore's Fed. Prac. — Civil § 16.14[b] (3d. 2009).[4]

CONCLUSION

Plaintiff has failed to show good cause under Federal Rule of Civil Procedure 16(b)(4) to extend the discovery deadline.

**IT IS THEREFORE ORDERED** that Plaintiff's pro se Motion for Extension of the Discovery Period or Request for More Discovery (Docket Entry 33) is **DENIED**.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

January 31, 2013

---

[4] Plaintiff's pro se status does not alter this conclusion. See, e.g., McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); Dancy v. University of N.C. at Charlotte, No. 3:08CV166, 2009 WL 2424039, at *2 (W.D.N.C. Aug. 3, 2009) (unpublished) ("[E]ven pro se litigants are expected to comply with time requirements and other procedural rules 'without which effective judicial administration would be impossible.'" (quoting Ballard v. Carlson, 882 F.2d 93, 96 (4th Cir. 1989))); DeWitt v. Hutchins, 309 F. Supp. 2d 743, 749 (M.D.N.C. 2004) ("'[P]ro se litigants are not entitled to a general dispensation from the rules of procedure or court-imposed deadlines.'" (quoting Jones v. Phipps, 39 F.3d 158, 163 (7th Cir. 1994))).