IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| LATASHA BLACKWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:11-CV-328 |
| | ) | |
| THE CITY OF CONCORD, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Catherine C. Eagles, District Judge.

This matter is before the Court on Defendant's Motion for Summary Judgment. (Doc. 45.) The Court has reviewed the pleadings, the motion, the exhibits, and the briefs. A more detailed opinion will be entered as time permits. Because this case is on the July trial calendar, the Court enters this Order ruling on the motion to assist the parties in trial preparation and in preparation of proposed jury instructions.

The City contends that the complained-of actions do not constitute retaliation because no adverse employment action was taken. However, the authorities the City relies upon, (*see* Doc. 46 at 26-27), are either not retaliation cases or predate the Supreme Court's decision in *Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. 53 (2006), which the City does not mention. In *Burlington*, the Supreme Court held that "[t]he scope of the antiretaliation provision extends beyond workplace-related or employment-related retaliatory acts and harm." *Id.* at 67. Therefore, a plaintiff need not establish an "adverse employment action" as that term is used in the context of the anti-

discrimination provision to satisfy the second prong of the prima facie case for a claim based on the anti-retaliation provision. *Id.* Rather, a plaintiff need only "show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Id.* at 68 (internal quotation marks omitted).

In *Burlington*, the Supreme Court expressly mentioned Fourth Circuit case law requiring the same degree of adverse employment action in a retaliation claim as is required in a discrimination claim when it discussed the split in circuit authority. *Id.* at 60 (citing *Von Gunten v. Maryland*, 243 F.3d 858, 866 (4th Cir. 2001)). It thereafter adopted the contrary view. *Id.* at 67. Thus, to the extent that *Boone v. Goldin*, 178 F.3d 253, 256 (4th Cir. 1999), holds that the standard for an adverse employment action in a retaliation claim must affect the terms and conditions of employment, that decision has been abrogated by *Burlington.*

It is **ORDERED** that the Motion for Summary Judgment, (Doc. 45), is **GRANTED IN PART** and **DENIED IN PART**, as follows:

1. The City's Motion for Summary Judgment is **DENIED** as to Ms. Blackwell's claim that the City discriminated against her by failing to promote her and by cutting her work hours.

2. The City's Motion for Summary Judgment is **DENIED** as to Ms. Blackwell's claim that the City failed to accommodate her disability by giving her access to the restrooms in the administrative offices.

3. The City's Motion for Summary Judgment is **DENIED** as to Ms. Blackwell's claim that the City retaliated against her after her January 27, 2009, request for accommodation for a disability.

4. The City's Motion for Summary Judgment is otherwise **GRANTED** and all other claims and the claim for punitive damages are **DISMISSED**.

**SO ORDERED**, this the 31st day of May, 2013.

_____
UNITED STATES DISTRICT JUDGE